The opinion of the Court was delivered by
O’Neall, J.
The various grounds of appeal in this case have been satisfactorily met and disposed of by the report of the Judge below, with the exception of the 2d and 6th. As to the *350 6th, this Court expresses no opinion, inasmuch as (he finding for the defendant' cuts off the enquiry as to the measure of damages. .So the whole case is resolved into the enquiry, was the plaintiff entitled to the security of two persons as the bail for the defendant, Basden ? I have no doubt such is the law of England. But the legislation of this State and the decisions of our Courts have so widely departed from the -English rules, in this respect, that while we look to them as our great landmarks, yet we are obliged to make many exceptions.
That the sheriff was responsible for a debtor held to bail in England until he justified and put in special bail to the action, is clear : that the statute of 23 H. YI, ch. 9, (P. L. Append. 8), compelled him to let to bail all such prisoners, “ upon reasonable sureties of sufficient persons, having sufficient within the counties,” <fcc. is also clear ; yet there is no doubt that this did not absolve the sheriff from liability — he still was bound for his prisoner. The bail bond was merely his security. Hence he was allowed, if he chose, to take but one surety. For this did not contravene the law, which compelled him to release when two were tendered.
The Act of 1785 (7 Stat. 215) first began the alteration of the law of bail in this State. For it provided that before the bail to the sheriff, or common bail, should be liable to be proceeded against, the principal should be pursued to judgment: and that there should also be a return upon the execution, either that the defendant is not to be found, or that he hath no effects whereon to levy the debt and costs, then that the plaintiff might have a scire facias against the bail. This provision is the 10th section of the County Court Act: the preceding section belonged to the County Court system and perished with it: but its words show both as common and special bail, that one or more persons were contemplated, as perfectly regular.
The case of Teasdale vs. Kennedy, (1 Bay, 322), decided in 1793, laid down the rule where only one person was bail and turned out to be insolvent, that, if he was, when taken as bail, a house holder in apparent good circumstances, the sheriff was *351 bound to take him for bail, and that he was therefore not liable for taking insufficient bail. This case, beyond all doubt, conformed the law of bail to the Act of 1785, and made a broad exception to the rule in England. The case of Teasdale vs. Hart, (2 Bay, 173), decided in 1798, is a recognition of the principle settled in Teasdale vs. Kennedy. Each of these cases were, however, when the law treated the bail bond, as it really was, as bail to the sheriif, or common bail.
The Act of .1809 (7 Stat. 309) put bail to the sheriif upon the footing of bail to the action, or as it is termed in the Act, following the words of the County Court Act, special bail: and here if the distinction had been at all observed between bail to the sheriif and bail to the action, it might have been that our practice would have conformed entirely to that in England. But it is plain, on reading the 3d and 4th sections, (both, however, numbered in the Statutes at Large as the 3d), that bail was in the mind of the Legislature (as it was in 1785) as one person.
The case of Loker vs. Antonio, 4 McC. 175, (decided in 1827), was on a bail bond, where only one person was the bail. The question was, whether the declaration should conform to what was necessary on a bail piece, in bail to the action. The Court held, that it should, that this was a necessary consequence of the Act of 1809. Judge Colcock, when the case was first before the Court, (page 176,) speaks of bail, under the Act of 1809, as one person. In Harwood, assignee, vs. Robertson, (2 Hill, 336), decided in 1834, the action was on a bond, in which one person was bail. In Dickinson vs. Coward, (3 Rich. 49), the complaint was against the sheriff for taking an insufficient bail bond. The ground was, that the sheriff had taken one person as bail, who did not live in the district. There was no attempt to charge him because he had not taken two. This case was decided in 1846, and the whole Court affirm the rule of the sheriff’s, liability as stated in Teasdale vs. Kennedy. The 14th section of the Act of 1839,' in its terms shews very fully and clearly that bail was regarded as one person, (11 Stat. 29).
This review very clearly shews, that our practice of regarding *352 one person as sufficient bail, “ if be be a house-holder in apparent good circumstances,” is too deeply interwoven with the administration of justice to be now changed. I therefore concur in the question propounded by the Judge below to the jury, as a test of the sheriff’s liability; did he take Stewart knowing him to be insufficient, or under such circumstances that he should have known his insufficiency ? The jury have answered this question in favour of the defendant. There is no such flagrant error in their conclusion upon the facts in this respect as will justify us in ordering a new trial.
The motion is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion dismissed.